UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DEAN KEITH,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN COUNTY; SHERIFF, LINCOLN COUNTY SHERIFF'S DEPARTMENT, IN HIS OR HER OFFICIAL CAPACITY; ONE DEPUTY, DEPUTY LINCOLN COUNTY SHERIFF'S DEPARTMENT, IN HIS OR HER OFFICIAL CAPACITY; CITY OF TEA; POLICE CHIEF, CITY OF TEA; 2 PATROL OFFICERS,<br><br>Defendants. | 4:22-CV-04109-LLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FULL FILING FEE |

Plaintiff, Scott Dean Keith, an inmate at the Minnehaha County Jail at the start of this lawsuit, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Keith moves for leave to proceed in forma pauperis and has included a prisoner trust account report. Docs. 2, 15.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

1

Significantly, the PLRA prohibits a prisoner from requesting in forma pauperis status in an action or appeal

> if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Keith has previously proceeded in forma pauperis while incarcerated or detained in three other cases that were dismissed pursuant to the screening procedures of § 1915. *See Keith v. City of Flandreau*, 4:06-CV-04027-LLP, Doc. 11; *Keith v. City of Tea*, 4:19-CV-04157-LLP, Doc. 10 at 5; *Keith v. Huyser*, 5:19-CV-04059-LTS-MAR (N.D. Iowa), Docs. 7, 10.[1]

Keith is therefore barred from proceeding in forma pauperis in any subsequent action, including the instant action, absent a showing that he is under imminent danger of serious physical injury. In his complaint, Keith claims that a police officer used excessive force when transporting him. Doc. 1 at 4. He claims that he was dragged from a patrol car on his way to the Minnehaha County Jail, which caused an injury that requires hip and spinal surgery that he has not yet received. *See id.* at 4-5. Keith alleges that officers followed him with the intent to arrest him in Lincoln County because this would result in his being transported to the Lyon County Jail

---

[1] In *Keith v. Huyser*, the Northern District of Iowa found Keith's complaint to be deficient and ordered him to file an amended complaint within 30 days. *Keith*, 5:19-CV-04059-LTS-MAR (N.D. Iowa), Doc. 7 at 5-6. If he failed to do so, his complaint would be dismissed, and this dismissal would count as a strike. *Id.* at 7 & n.2. Keith was also ordered to pay a $0.60 initial partial filing fee. *Id.* at 6. Keith did not amend his complaint or pay the initial partial filing fee, and his complaint was dismissed. *Keith*, 5:19-CV-04059-LTS-MAR (N.D. Iowa), Doc. 10. Keith sought to reopen his case almost a year later, and the Northern District of Iowa denied this motion. *See Keith*, 5:19-CV-04059-LTS-MAR (N.D. Iowa), Doc. 12. In the order denying Keith's motion, the Court explained that Keith's complaint was dismissed because he failed to file an amended complaint. *See id.* at 1.

2

in Rock Rapids, Iowa, where he had pending charges. *See id.* at 4. He alleges that he feared for his life during this incident. *Id.* Keith states that the officer driving the car that he was in was unsure if there was a warrant for his arrest, causing the officer to alter his driving behavior by refusing to put his lights on and waiting at a stoplight. *Id.* at 5. In his description of a prior lawsuit that he filed, Keith states that he was unnecessarily tasered at his property. *Id.* at 3. It is unclear if this was part of the arrest that is the basis of his current complaint. *See id.* In a later filing, Keith states that his Iowa criminal charges have been dismissed, but he is now homeless as a result of his arrest. Doc. 3 at 2.

The Eighth Circuit Court of Appeals has explained that a prisoner seeking in forma pauperis status who is barred by the three-strike rule must show "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). In *Martin*, the Eighth Circuit referred not only to "ongoing serious physical injury" but also "ongoing danger." *Id.* Further, the danger "must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred." *Id.* (citations omitted). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Id.*

Here, Keith fails to show either a pattern of misconduct evidencing the likelihood of imminent serious physical injury or an ongoing serious physical injury. *See* Doc. 1 at 4-5. He makes no claims showing the likelihood of a new injury, as he only makes claims regarding the past incident. *See id.* As to ongoing serious physical injury, he shows no ongoing danger as required by *Martin*. *See* 319 F.3d at 1050. Keith makes no claims as to when the arrest in question occurred, and he also makes no allegations that the danger of the arrest existed at the

3

time that he filed the complaint. *See* Doc. 1 at 4-5. Although he does allege hip and spinal injuries that require surgery, he is no longer in custody and cannot allege that any ongoing danger is caused by the defendants. *See* Doc. 16. Thus, Keith cannot meet the "imminent danger of serious physical harm" exception of § 1915(g).

This Court notes that § 1915(g) applies to barred *prisoners* who seek the benefits of in forma pauperis status. Although Keith was a prisoner at the time that he filed this lawsuit, he appears to no longer be in custody. Thus, if Keith were to file another lawsuit or to refile this lawsuit while no longer a prisoner, § 1915(g) would not bar him from seeking in forma pauperis status.

Because Keith has failed to demonstrate that he is under imminent danger of serious physical injury, the Court denies his request to proceed in forma pauperis. Doc. 2. Keith must pay the requisite $402 filing fee to proceed with this action by January 30, 2023, or his complaint will be dismissed without prejudice. Alternatively, Keith can refile this lawsuit while he is not in custody, and he will not be barred from seeking in forma pauperis status.

Accordingly, it is ORDERED:

1. That Keith's motion for leave to proceed in forma pauperis, Doc. 2, is denied. Keith must pay the $402 filing fee to the Clerk, U.S. District Court by January 30, 2023, or his complaint will be dismissed.

DATED December 28th, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

4